■ In the Matter of the Claim of JOAN MANGIARCIANA et al., Respondents. P.T.S.A., INC., Appellant. LILLIAN ROBERTS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 31, 1981, which ruled that claimants were entitled to receive benefits. The employer has taken this appeal from a decision of the board which upheld determinations of the Industrial Commissioner and Administrative Law Judge ruling that claimants Joan and Lori Ann Mangiarciana were not guilty of misconduct in the incident which led to their discharge. The employer has raised a procedural objection to the manner in which the hearing before the Administrative Law Judge was conducted since it was never afforded an opportunity to cross-examine claimants. We agree with this contention and find it to be reversible error. The employer was a corporation owned entirely by its president, a portion of whose home was used as the company's office. The two claimants were employed as secretaries and were relatives of the president's wife. Due to marital difficulties between the president and his estranged wife, the president, afraid that his wife might try to enter the residence for the purpose of taking some of the couple's personal property, instructed claimants to notify either the corporation's vice-president or the police if they saw the wife on the premises. The wife did return to the house and did take certain possessions. The president, believing that claimants were aware of her presence in the house and that they did not comply with his instructions to notify the vice-president or the police, fired them. Following the initial determination by the Industrial Commissioner finding claimants to be eligible for unemployment insurance benefits, the employer requested a hearing. The employer received an adjournment on the scheduled hearing date because it could not be present. Although the employer, through its president, was present on the adjourned date, claimants were not available and had requested an adjournment. The Administrative Law Judge decided to take the president's testimony while he was present. At the conclusion of this testimony, the Administrative Law Judge, over objections by both the commissioner's representative and the employer, decided to close rather than adjourn the case. As a result, claimants were awarded benefits without having testified under oath subject to cross-examination by the employer. Since an evaluation of the employer's contention that claimants were guilty of misconduct in refusing to comply with a directive necessarily involves an examination into what transpired when the president's wife entered the house, it was an abuse of discretion (see 12 NYCRR 461.6 [a]) for the Administrative Law Judge to close the hearing without first requiring claimants to testify. The employer's president presented hearsay evidence suggesting that at least one of the claimants may have aided the wife in removing property from the residence. This evidence, if credited by the fact finder, might well have supported a finding of misconduct. To disbelieve this version without first requiring claimants to testify under oath violated the employer's right to call, examine and cross-examine an adverse party (see 12 NYCRR 461.4 [a], [c]). Accordingly, the board's decision in this matter must be reversed and the matter remitted for the purpose of conducting an adjourned hearing at which claimants will be required to appear and testify. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.