■ In the Matter of the Claim of PETER L. HOFFMAN, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 16, 1987, which ruled that claimant was disqualified from receiving benefits because his employment was terminated due to misconduct.

Claimant worked as a sales representative for Nicolet Instrument, Inc., from September 1985 to March 1986. He was dismissed as a result of his failure to document several items that he submitted on his expense account. There was testimony that claimant was repeatedly asked to produce the requested documentation. In a memorandum dated March 13, 1986, claimant was notified that he had until March 17, 1986 to produce the requested information. He was terminated when he failed to comply.

Claimant filed an application for unemployment insurance benefits. The Commissioner of Labor determined that he had lost his employment through misconduct and was thus disqualified from receiving benefits. Claimant appealed the determination and a hearing ensued. At the hearing, a representative of the employer was allowed to testify via telephone despite claimant's vigorous protestations. After hearing the evidence, the Administrative Law Judge (hereinafter ALJ) rendered a decision sustaining the Commissioner's determination. The Unemployment Insurance Appeal Board ultimately adopted the findings of fact and opinion of the ALJ. This appeal followed.

Claimant contends that he was deprived of his constitutional right to due process because the employer's representative was allowed to testify over the telephone. We cannot agree. Due process is flexible and, depending upon the competing interests at stake, calls for different levels of procedural protection (see, Mathews v Eldridge, 424 US 319, 334-335; Morrissey v Brewer, 408 US 471, 481). One of the elements which may be required as a part of due process is an opportunity to confront and cross-examine witnesses or evidence used against an individual (2 Rotunda, Nowak and Young, Constitutional Law: Substance and Procedure § 17.8, at 250 [1986]). The Court of Appeals has held that hearsay, where relevant and probative, can support certain administrative determinations (see, People ex rel. Vega v Smith, 66 NY2d 130, 139). The effect of allowing hearsay testimony is to deny a full opportunity for cross-examination (see, Richardson, Evidence § 201, at 177 [Prince 10th ed]). This court has held that, in an unemployment insurance case, a claimant should be afforded an opportunity to cross-examine witnesses who testify against him (Matter of Mangiarciana [P.T.S.A., Inc.—Roberts], 89 AD2d 639; Matter of Kennard [Levine], 50 AD2d 1025).

In this proceeding, claimant's interest was in obtaining unemployment insurance benefits. In order to receive these benefits, he sought to establish that he met the requirements set forth by this State's statutes and regulations for receipt of such benefits. Since the State administers this program for the benefit of its citizens, it has a significant interest in assuring that individuals who are ineligible or disqualified do not drain the system's resources at the expense of other citizens (see, Labor Law § 501). In order to reach a reasoned decision, the testimony of the employer was instructive in the present case. The employer's personnel offices were located in Wisconsin. There was testimony, which the ALJ credited, that there were

no representatives of the employer within the vicinity of the hearing who could testify knowingly to the facts and circumstances surrounding claimant's dismissal. Accordingly, the ALJ authorized the use of a telephonic conference. Allowing the employer's representative to testify over the telephone was authorized by the Commissioner's regulations (see, 12 NYCRR 461.7 [c] [2]; see also, 12 NYCRR 463.3 [f]). Claimant was afforded an opportunity to question the employer's representative at length. Under these circumstances, we conclude that the use of the telephonic conference sufficiently allowed claimant to cross-examine the witness against him and that he was not deprived of his constitutional right to due process (see, Slattery v California Unemployment Ins. Appeals Bd., 60 Cal App 3d 245, 131 Cal Rptr 422).

Claimant further contends that there was insufficient evidence to support the finding that he had been terminated due to misconduct. The determination as to whether a claimant lost his employment through misconduct is a factual question for the Board which must be upheld if supported by substantial evidence (Matter of Nunes [Roberts], 98 AD2d 934; Matter of McGlynn [Levine], 52 AD2d 709). Here, there was substantial evidence that claimant refused to document expenses he had claimed despite his employer's repeated requests for such information. The Board's determination that this conduct constituted misconduct was not arbitrary.

Claimant's remaining contentions have been considered and found meritless.

Decision affirmed, without costs. Kane, J. P., Casey, Levine, Harvey and Mercure, JJ., concur.