557 A.2d 1338

Goldie May PHILLIPS, et vir

v.

Dorothy M. VENKER, et al.

No. 105, Sept. Term 1987.

Court of Appeals of Maryland.

May 30, 1989.

Bruce A. Kent, Arbutus, for appellants.

Donna L. Jacobs (Benjamin R. Goertemiller and Semmes, Bowen & Semmes, on the brief), Baltimore, for appellees.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ., and CHARLES E. ORTH, Jr. Associate Judge of the Court of Appeals of Maryland (retired) Specially Assigned.

McAULIFFE, Judge.

The plaintiffs in a personal injury action contend they were denied due process of law in connection with a telephone conference hearing of a motion for summary judgment. Interestingly, their complaint is not that the hearing was conducted by telephone, but rather that they were not given adequate notice of the hearing.

I.

Goldie May Phillips suffered personal injury when the automobile in which she was riding collided with a parked car. Phillips and her husband (the plaintiffs) sued Dorothy

M. Venker, the driver, claiming that Venker's negligence caused or contributed to the occurrence of the accident. Venker ultimately moved for summary judgment, largely relying upon the depositions of the injured plaintiff and of an impartial witness to support her contention that the accident was caused solely by the negligence of a third person.[1] Venker also filed a request for hearing pursuant to Maryland Rule 2–311(f), together with a comprehensive memorandum of points and authorities in support of her motion. The plaintiffs filed a timely response in opposition to the motion, together with their memorandum of points and authorities. On or about 19 February 1987 the parties were notified in writing that the motion would be heard in Room 420 of the Circuit Court for Baltimore City at 2:00 p.m. on 12 March 1987. On 27 February counsel for the plaintiffs requested a continuance of the hearing, advising the court that he would be out of the state on 12 March.

On 9 March, plaintiffs' counsel called the court to determine whether any action had been taken on his request for a continuance. We do not know with whom counsel spoke, but we may infer that his inquiry was promptly referred to Judge Marvin Steinberg, to whom the matter had apparently been assigned for the purpose of hearing the motion for

---

1. The accident occurred on Loch Raven Boulevard at the intersection of Gorsuch Avenue in Baltimore City, during daylight hours. Venker was driving south on Loch Raven Boulevard when she observed a large white automobile, which had been northbound on Loch Raven Boulevard, turn directly into her path in attempting to make a left turn onto Gorsuch Avenue. Venker applied her brakes and apparently turned to the right, barely missing the white car which came to a stop in Venker's lane. Venker's vehicle then struck a car parked along the west curb of Loch Raven Boulevard, south of the intersection. The plaintiffs contend that Venker had time to regain control of the vehicle and room to avoid the parked car, but that Venker had negligently removed her hands from the steering wheel to cover her face before the impact. Venker contends that the evasive action she was required to take because of the movement of the white car rendered it impossible for her to avoid striking the parked car. The witnesses disagreed concerning the width of Loch Raven Boulevard at that point, and the impartial witness was unsure as to whether Venker's car had passed in front of or behind the white car. The white car left the scene and has not been identified.

summary judgment. Judge Steinberg's office arranged for an immediate telephone conference between counsel for each party and the judge, ostensibly to discuss the request for a continuance. The telephone conference was not recorded, but the parties have stipulated to the following facts:

> On March 9, 1987, in response to the [plaintiffs'] counsel's attempts to determine whether the hearing would be postponed, Circuit Court Judge Marvin Steinberg arranged a conference call with Benjamin R. Goertemiller, counsel for the [defendant], and Bruce A. Kent, counsel for the [plaintiffs], to discuss the status of the hearing and the pending motion.

> Judge Steinberg expressed reluctance to postpone the March 12, 1987 hearing and inquired as to the issues to be argued. Counsel for the [plaintiffs] stated that he did not have his file in hand, had not reviewed it for argument and had two clients in his office at the time. After counsel secured his file, a hearing on the merits in which counsel argued both the facts and the law ensued. The entire hearing lasted at least twenty (20) to twenty-five (25) minutes.

> At its conclusion, Judge Steinberg granted the [defendant's] motion and asked counsel for the [defendant] to prepare an order in accordance with his ruling.

The order was duly signed and filed, and plaintiffs appealed. We granted certiorari before consideration by the Court of Special Appeals, and we now reverse and remand for hearing after proper notice.

## II.

▪ The threshold question in this appeal is whether plaintiffs have preserved the issue of adequate notice for appellate review. The defendant argues that because plaintiffs did not expressly object to the holding of the hearing prior to its regularly scheduled time, that issue has been waived. Maryland Rule 3–517(c), dealing with the proper method of making objections, provides:

> For purposes of review by the trial court or on appeal of any ... ruling or order [other than a ruling on the admission of evidence], it is sufficient that a party, at the time the ruling or order is made or sought, makes known to the court the action that the party desires the court to take or the objection to the action of the court. The grounds for the objection need not be stated unless these rules expressly provide otherwise or the court so directs. If a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection at that time does not constitute a waiver of the objection.

We are somewhat hampered by the absence of a record of the proceedings, but from the stipulation of the parties and from what we were told at oral argument, we conclude that the protestations of plaintiffs' attorney satisfied the requirement of a timely objection. Although it would have been preferable for the attorney to employ the time-honored expression of "I object," thus removing any question about preservation, we believe that given the unusual circumstances of this case, his statements were sufficient to convey his objection. We are mindful of the fact that the conference call initiated by the judge came as a surprise to counsel. He received the call while with other clients, apparently believing a brief discussion concerning the requested continuance would ensue. When the judge unexpectedly announced that he was turning to a discussion of the merits of the motion for summary judgment, plaintiffs' attorney protested. He said, understandably we think, that he was not prepared to argue the motion then and there. He had not reviewed his file, did not have his file before him, and was engaged with other clients. Under the circumstances, we treat those statements as an adequate objection. When the trial judge replied by insisting that the attorney obtain his file, he effectively overruled the objection. The question of adequate notice was preserved.

### III.

■ In considering plaintiffs' claim of lack of adequate notice, we first examine their entitlement to a hearing.

Plaintiffs clearly had a property interest at stake and, unless they waived their right in some manner, they would ordinarily have a right to a hearing before being deprived of that property interest. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). Rule 2–311(f), as it pertains to a motion of this kind, provides:

> A party desiring a hearing on a motion ... shall so request in the motion or response under the heading "Request for Hearing." Except when a rule expressly provides for a hearing, the court shall determine in each case whether a hearing will be held, but it may not render a decision that is dispositive of a claim or defense without a hearing if one was requested as provided in this section.

The decision on this motion was "dispositive of a claim," thus satisfying one prong of the requirement for a hearing. The question that remains is whether the fact that the request for a hearing was made by the defendant and not by the plaintiffs is of any consequence. We hold that it is not. Literally read, the rule might appear to afford a right of hearing only to the party filing the request. But where, as here, one party has filed the request that triggers the requirement for a hearing in certain circumstances, it would make little sense to require the remaining parties to file redundant requests. The common sense interpretation of the rule, which we understand to be widely followed in practice, is explained by P. Niemeyer and L. Richards, *Maryland Rules Commentary* (1984), at page 33 of the 1988 supplement:

> Under section (f) of this rule, if the motion is one for which a hearing must be granted and the moving party demands a hearing, the court may not thereafter rule on the motion without a hearing, even if no response is filed. The motions rule does not recognize the concept of a default in response to a motion. Rather, the court must consider the merits of the motion before it. The responding party may elect to file no response and rely on the hearing demanded by the moving party. The parties may

stipulate, however, to a withdrawal of the request for hearing.

We conclude that plaintiffs did not waive their right to a hearing in this matter.

We turn to the question of the type of hearing to which plaintiffs were entitled. In some instances, even a temporary deprivation of a property interest followed by a right to a full hearing has been held to violate due process unless a pretermination hearing is provided. *Goldberg v. Kelly,* 397 U.S. 254, 266–71, 90 S.Ct. 1011, 1019–22, 25 L.Ed.2d 287 (1970). In other circumstances, a "paper hearing," i.e. the right to be "heard" through the filing of documents and written arguments, may suffice. *Mathews v. Eldridge, supra; Wilkens v. Rogers,* 581 F.2d 399, 405 (4th Cir.1978); *Sarelas v. Porikos,* 320 F.2d 827, 828 (7th Cir.1963). As the Supreme Court has said, " '[d]ue process,' unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." *Cafeteria Workers v. McElroy,* 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961). Rather, it is "flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). In *Mathews, supra,* the Court said that identification of the specific dictates of due process generally requires consideration of three distinct factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.,* 424 U.S. at 335, 96 S.Ct. at 903.

In the federal courts, there is disagreement over whether a motion for summary judgment may be decided on the

papers when there is a request for oral argument. *7 Moore's Federal Practice* § 78.02 (2d ed.1984). In Maryland, as we have seen, the right to an oral hearing turns on the impact of the decision. When a hearing has been requested, it must be afforded unless the decision will not be dispositive of a claim or defense.[2] In the case before us, there was a timely request and a decision that was dispositive of a claim, so that at least as a matter of Maryland procedure the plaintiffs were entitled to an oral hearing of this motion.

Whether that oral hearing was required to be an in-person hearing, or could have been conducted by a telephone conference involving the attorneys and the judge, is a question we need not address, because neither party to this case has voiced an objection to the telephone conference as an appropriate vehicle for providing oral argument of the motion. We note in passing, however, that the use of telephone conferences to expedite the flow of litigation and to conserve time and expense, is a matter receiving increasing attention from the bench, bar, and court administrators in this country. In 1981, the American Bar Association's Action Commission To Reduce Court Costs and Delay, and the Institute for Court Management, with the cooperation of courts of Colorado and New Jersey, undertook a study of the feasibility of telephone conferences as an alternative to court appearances in a wide variety of matters involving

---

**2.** In the case of certain motions, including motions to dismiss and motions for summary judgment, judicial review of the motion is required to determine whether a request for hearing must be granted. In practice, motions of this kind are ordinarily set for hearing and then routed to the judge who will hear them. If that judge determines from a review of the papers that the proper disposition will not involve determination of a claim or defense, the judge may order that disposition and cancel the hearing. If the judge believes the proper disposition will involve determination of a claim or defense, or if the judge is unsure as to what the proper disposition should be, the motion proceeds to oral argument. Of course, the trial judge retains discretion to direct that any motion be set for oral argument.

both civil and criminal cases.[3]   Although noting a general reluctance to handle evidentiary matters by telephone, principally because of the inability to observe the demeanor of the witness during testimony and perhaps also because of the possibility of undetected coaching of the witness, the report of the study [4] was generally very favorable to the increased use of telephone conferences.   Eighty-five percent of the attorneys participating in the one year experiment were "satisfied" or "very satisfied" with telephone hearings, and the judges who participated were also generally favorable in their critiques.   The Wisconsin Supreme Court has recently adopted rules regulating the use of telephone and closed circuit telephone conferences,[5] and the use of telephone conferences in administrative hearings appears to be on the rise.[6]   The use of telephone confer-

---

**3.** Because of the constitutional right of confrontation that exists in criminal cases, and the fact that in-person confrontation is an acknowledged and important part of that right, see Coy v. Iowa, 487 U.S. ——, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), the utilization of telephone conferences in criminal cases is subject to restrictions beyond those that may ordinarily exist by reason of the requirements of due process.

**4.** *Telephone Conferencing in Civil and Criminal Court Cases,* Institute for Court Management and American Bar Association's Action Commission to Reduce Court Costs and Delay (December 1983).

**5.** *See* Fullin & Williams, *Teleconferencing comes to Wisconsin courts,* Wisconsin Bar Bulletin, January 1988.   Alaska has also promulgated rules dealing with telephone hearings.   *See Hamilton v. Alaska,* 771 P.2d 1358 (Alaska App.1989).

**6.** *See, e.g., Dey v. Edward G. Smith & Associates, Inc.,* 719 P.2d 1206 (Idaho 1986) (recognizing the desirability of telephone conference calls as a means of holding hearings, but reversing because of the manner in which the particular hearing was held); *Schexnider v. Blache,* 504 So.2d 864 (La.1987) (noting recent advent of telephone hearings in administrative cases, but faulting procedure here for failing to provide compulsory process for necessary witness); *State, ex. rel. Human Services Dept. v. Gomez,* 99 N.M. 261, 657 P.2d 117 (1983) (telephone hearing on denial of welfare benefits affords due process); *Slattery v. Calif. Unemployment Ins. App. Bd.,* 60 Cal.App.3d 245, 131 Cal.Rptr. 422 (1976) (discussing telephone conference hearings as "an imaginative attempt to solve due process problems"); *Sterling v. District of Columbia,* 513 A.2d 253 (D.C.App.1986) (unem-

ences to provide trial evidence has met with mixed results,[7] while telephone conferences to resolve routine pretrial motions not involving questions of fact have been more readily accepted. Maryland has specifically approved the use of telephone depositions under certain circumstances. Maryland Rule 2–418. The use of telephone conferences for other purposes is neither expressly permitted nor expressly denied by our rules.

## IV.

[3] If the plaintiffs in the case before us had been entitled to nothing more than a "paper hearing," due process would have been satisfied. Each party was given adequate notice of the motion and a full opportunity to

---

ployment compensation hearing by telephone, if properly conducted, not a violation of due process); *Greenberg v. Simms Merchant Police Service,* 410 So.2d 566 (Fla.App.1982) (unemployment compensation hearing by telephone approved); *Coalition for Hum. Rights v. D.S.S.,* 405 N.W.2d 136 (Mich.App.1987) (telephone hearing approved for termination of public assistance benefits); *Claim of Hoffman,* 138 A.D.2d 785, 525 N.Y.S.2d 423 (N.Y.App.Div.1988) (testimony by telephone conference approved in unemployment insurance proceeding); *Babcock v. Employment Division,* 72 Or.App. 486, 696 P.2d 19 (1985) (telephone hearing conducted by unemployment compensation referee did not deprive claimant of due process); *Casey v. O'Bannon,* 536 F.Supp. 350 (E.D.Pa.1982) (sufficient safeguards existed to render telephone hearings of public benefits cases compatible with due process). *And c.f. Gray Panthers v. Schweiker,* 652 F.2d 146, 172–73 (C.A.D.C.1981) (disapproving administrative procedure afforded to medicare benefits' applicants, but suggesting the development of "simplified, streamlined, informal oral procedures" meeting demands of efficiency and low cost yet permitting participation by claimants.) *Compare Sleeth v. Illinois Dept. of Public Aid,* 125 Ill.App.3d 847, 81 Ill.Dec. 117, 466 N.E.2d 703 (1984) (telephone hearing insufficient where statute requires "in-person" hearing); *Hoover v. Com. Unemployment Comp. Bd. of Rev.,* 97 Pa.Cmwlth. 414, 509 A.2d 962 (1986) (hearing by telephone violated due process where no provision was made for introduction of necessary documentary evidence); *Knisley v. Com., Unemployment Compensation,* 93 Pa.Cmwlth. 519, 501 A.2d 1180 (1985) (telephone hearings not permitted in absence of regulations designed to insure preservation of due process rights).

7. *See Aqua Marine Prod. v. Pathe Computer,* 229 N.J.Super. 264, 551 A.2d 195 (App.Div.1988) and cases cited therein.

submit their arguments and authorities in writing. We have found, however, that at least by virtue of the requirements of Maryland procedure, the parties were entitled to an oral hearing. That being the case, it is axiomatic that they were entitled to adequate notice of the time, place, and nature of that hearing, so that they could adequately prepare. *Sullivan v. Insurance Comm'r*, 291 Md. 277, 283–85, 434 A.2d 1024 (1981); *Glading v. Furman*, 282 Md. 200, 205–07, 383 A.2d 398 (1978); *Bernstein v. Bd. of Education*, 245 Md. 464, 473, 226 A.2d 243 (1967).

Assuming, as the parties here have agreed, that a telephone conference satisfied the requirement of an oral hearing in this case, notice of that hearing, if indeed it can be said that any notice was given, was insufficient. Counsel for the plaintiffs was not given any meaningful opportunity to review his file, collect his thoughts, or otherwise prepare for oral argument. That he was able to participate in some fashion in the argument the trial judge insisted be held does not suggest that he was able to participate effectively. Effective argument of a motion for summary judgment in this type of case requires not only that the attorney be conversant with the applicable case law, but that he also have fresh in mind the critical areas of deposition testimony previously given by each witness. The stakes were high, and the need for adequate preparation was apparent. The absence of adequate notice effectively deprived the plaintiffs of the hearing guaranteed them by the rule. We shall vacate the judgment below and remand the case so that the parties may be afforded a hearing after adequate notice.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY VACATED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS TO ABIDE THE FINAL JUDGMENT.