566 A.2d 108

**In the Matter of the Expungement of Records of DIANE M.**

**No. 34, Sept. Term, 1989.**

Court of Appeals of Maryland.

Nov. 28, 1989.

Terrell N. Roberts, III, Riverdale, for petitioner.

Steven E. Schenker, Associate County Atty. (Michael P. Whalen, County Atty., Michael O. Connaughton, Deputy County Atty., J. Michael Dougherty, Jr., Associate County Atty., on brief), Upper Marlboro, for respondent.

Argued Before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

MURPHY, Chief Judge.

The question presented is whether a police record created by the arrest of a juvenile is subject to expungement under Maryland Code (1982 Repl.Vol., 1989 Cum.Supp.), Article 27, § 736.

## I.

Chapter 260 of the Acts of 1975 added a new subtitle to Article 27 of the Code, entitled "Criminal Records," "[f]or the purpose of providing for the expungement of certain police and court records." Section 735(a) defines "Court records" to mean, *inter alia*, "all official records maintained by the clerk of a court ... pertaining to a criminal proceeding." Section 735(c) defines "Expungement," with respect to court or police records, to mean the "effective

removal of these records from public inspection." "Police records," as defined in § 735(e), mean "all official records maintained by a law enforcement agency pertaining to the arrest and detention of or further proceeding against a person on a criminal charge or for a suspected violation of a criminal law."

Section 736(a) authorizes a person "arrested, detained, or confined by a law enforcement agency for a suspected violation of a criminal law ... [and who] is released without being charged with the commission of a crime, ... [to] request the expungement of those police records" by the law enforcement agency possessing them. Section 736(c) directs that within sixty days of receipt of a request for expungement, the law enforcement agency must expunge the police records if authorized to do so by law. Section 736(e) and (f) provide that if the law enforcement agency determines that the person is not entitled to expungement of the police records, the person may "file an application in the District Court having proper venue against the law enforcement agency for an order of expungement." Section 736(f) further provides that if the District Court, after a hearing, finds that the person is entitled to expungement, it shall so order. The law enforcement agency is deemed to be a party to the proceeding in the District Court, with the right to appeal on the record to the circuit court.[1]

## II.

On December 1, 1982, Diane M., then sixteen years old, was arrested by Prince George's County police officers for unlawful possession of a controlled dangerous substance. Her arrest was recorded in the records of the Prince George's County Police Department.

---

1. Under specified circumstances, § 737 authorizes the filing of a petition for expungement where a person is charged with the commission of a crime. The petition must be filed in the court in which the criminal proceeding was commenced. This section thus differs from § 736, which deals with expungement of police records where the arrested individual is released without being charged with the commission of a crime.

After her arrest, Diane was released to the custody of her parents. Thereafter, she was referred to an intake officer of the Department of Juvenile Services, as authorized by the Juvenile Causes Act, Code (1984 Repl.Vol.), § 3–810 of the Courts and Judicial Proceedings Article. This section empowers the intake officer to determine whether the juvenile court had jurisdiction over Diane and, if so, whether judicial action was in Diane's best interest and that of the public. The section also vested authority in the juvenile intake officer to "propose an informal adjustment of the matter" without the filing of any petition against the juvenile. Diane's case was informally adjusted under the provisions of § 3–810. No juvenile petition was ever filed in connection with Diane's arrest.

On January 13, 1988, pursuant to § 736(a) of Article 27, Diane requested the Prince George's County Police Department to expunge her arrest record. Her request was denied. Thereafter, in accordance with § 736(f), Diane filed a petition in the District Court, sitting in Prince George's County, to expunge her arrest record in the custody of the Prince George's County and Maryland State Police Departments. Prince George's County opposed the petition, arguing that the District Court lacked jurisdiction to expunge juvenile police records and that, in any event, the expungement statute did not apply to juvenile arrest records. After a hearing, the District Court (Nolan, J.) concluded that it had jurisdiction to expunge Diane's arrest record under Article 27, § 736 and it so ordered.

The County appealed to the Circuit Court for Prince George's County. That court (Woods, J.) agreed with the County's position and reversed the judgment of the District Court. We granted certiorari to consider the important public issue presented in the case.

### III.

Diane argues that nothing in § 736 expressly prohibits the expungement of police records pertaining to the arrest

of a juvenile. She is a "person" under the statute, she says, who was arrested by a law enforcement agency "for a suspected violation of a criminal law ... [who was] released without being charged," either criminally or by juvenile petition. She suggests that § 736 is a remedial statute and thus should be liberally construed. In this vein, Diane argues that § 736 was plainly intended to redress the grievances of persons, both juveniles and adults, who were arrested but not subsequently charged. In such circumstances, Diane urges that we recognize that a police record of the arrest may unfairly stigmatize a person and damage career and educational prospects. She draws our attention to §§ 739 and 740 of Article 27 which effectively insulate her from potentially harmful civil consequences flowing from her arrest record if it has been expunged.

The County maintains that under the Juvenile Causes Act, the juvenile court in Prince George's County operates as a part of the circuit court for the county and is exclusively vested with jurisdiction to hear juvenile matters arising under the Act. The County claims that even though no juvenile petition was ever filed in Diane's case, "it is safe to state that [she], a child at the time of the arrest, was in need of supervision" and thus her "care, protection, treatment and police record came under the auspices of the circuit court." It is the circuit court, the County contends and not the District Court, that has jurisdiction over juvenile police and court records and their confidentiality. In this regard, it points to § 3–828(a) of the Courts Article which provides that "[a] police record concerning a child is confidential"; that it "shall be maintained separate from those of adults"; and that its contents may not be divulged except by order of court. This subsection does not, however, "prohibit access to and confidential use of the record by the Department of Juvenile Services or in the investigation and prosecution of the child by any law enforcement agency." The County concludes that a "close perusal" of § 3–828 reveals that a juvenile's police record can only be expunged by the circuit court and that this is effectively

achieved by requiring that the record not be divulged without a court order. Moreover, the County suggests that § 736 deals only with expunging arrest records of individuals who originally were within the jurisdiction of the District Court.

## IV.

We conclude that § 736 clearly vested jurisdiction in the District Court to order expungement of Diane's arrest record in the custody of the County and Maryland State Police Departments. The statute is directed to police records maintained by a law enforcement agency; the order of expungement requires the agency to remove the police records in its custody from public inspection. "Law Enforcement Agency" is defined in § 735(d), for purposes of applying the expungement statutes, to include "any State, county, and municipal police department or agency, sheriff's offices, the State's Attorney's offices, and the Attorney General's office." The juvenile court and the Department of Juvenile Services are not law enforcement agencies under this definition, and are therefore not affected by § 736.

We see no conflict between the provisions of § 736 of Article 27 and § 3–828 of the Courts Article.[2] The latter section governs disclosure of police records of a juvenile in the custody of the juvenile authorities; it makes the police record confidential and prohibits its public disclosure except by court order. Section 736 authorizes a law enforcement agency to expunge an arrest record, without differentiating between juveniles and adults, where the arrest does not result in any criminal charges. We have said many times that when two statutes are neither irreconcilable nor mutually repugnant, they should be construed in harmony. *See Greco v. State,* 307 Md. 470, 478, 515 A.2d 220 (1986) and *Bridges v. Nicely,* 304 Md. 1, 10, 497 A.2d 142 (1985). That rule is applicable in the present case.

---

**2.** Both of these statutes were enacted in 1975.

In seeking to discover the purpose, aim or policy of a statutory enactment, we look first to the words of the statute. Of course, we recognize that the meaning of the plainest language in a statute may be controlled by the context in which it appears, *i.e.*, in light of the setting, objectives and purpose of the enactment. *Kaczorowski v. City of Baltimore*, 309 Md. 505, 513–15, 525 A.2d 628 (1987). Nothing in the history of § 736 even remotely suggests a legislative intention to limit its applicability to adults. That Diane was a juvenile when arrested for a suspected violation of the criminal law, and that she was referred to the juvenile authorities, does not alter the fact that she falls squarely within the coverage of the provisions of § 736(a). Nothing in that section in any way impinges upon the authority of the Department of Juvenile Services and of the juvenile court in their maintenance of police records pertaining to juveniles. Those confidential records are not subject to expungement under Article 27, as we have already observed. Thus, to permit expungement of a police record in the custody of a law enforcement agency when, as here, no charges, either juvenile or criminal, were ever filed is perfectly consistent with the confidential treatment of juvenile police records maintained under the Juvenile Causes Act.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR ENTRY OF AN ORDER OF EXPUNGEMENT CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY, MARYLAND.