591 A.2d 1311

**Mary L. LOMAX**

v.

**COMPTROLLER OF the TREASURY.**

**No. 1388, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

July 8, 1991.

Andrew J. Groszer, Jr., Cockeysville, for appellant.

Gerald Langbaum, Asst. Atty. Gen., Annapolis (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and John K. Barry, Asst. Atty. Gen., Annapolis, on the brief), for appellee.

Argued before WENNER, FISCHER and CATHELL, JJ.

WENNER, Judge.

Appellant, Mary L. Lomax,[1] sought to prevent the appellee, Comptroller of the Treasury for the State of Maryland, from executing a lien and judgment against her for nonpayment of State income taxes. The Circuit Court for Baltimore County denied her motion to direct the clerk of the circuit court to amend the judgment docket.

Aggrieved by that result, appellant now turns to us for solace. In doing so, she places the following issues before us:

---

**1.** Appellant has been involved in several appeals, while attempting to avoid payment of State income taxes. *See, Lomax v. Comptroller,* No. 1137, September Term, 1986 (Unreported, March 24, 1987), *cert. denied,* 310 Md. 275, 528 A.2d 1287 (1987), (Appellant claimed her teacher's pension was not taxable income; however, she did not file a timely appeal from the Maryland Tax Court. Thus, the circuit court dismissed her appeal and we affirmed that decision); Lomax v. Comptroller, No. 1455, September Term, 1986 (Unreported, May 25, 1987), (The Comptroller sought to collect taxes due from appellant by filing a Writ of Attachment against her State retirement pension. Appellant filed a motion to vacate the garnishment, which the circuit court denied.) Upon appeal, we affirmed the judgment of the circuit court. Lomax v. Comptroller, No. 1508, September Term, 1989 (Unreported, May 17, 1990), *cert. granted,* 321 Md. 46 (1990), (Appellant claimed that her pension was protected from taxes by a statutory exemption. We, again, found her argument to be meritless; however, our decision is pending review by the Court of Appeals); Lomax v. Comptroller, No. 177, September Term, 1990 (Unreported, November 23, 1990), (Appellant filed a Motion to Direct the Clerk to Set Aside the Lien and Judgment for Unpaid Taxes. The circuit court denied her motion. She appealed. We affirmed the circuit court. Appellant has filed a petition for writ of certiorari with the Court of Appeals, *(cert. denied,* 322 Md. 240, 587 A.2d 247 (1991)). Consequently, we shall dub this visit Lomax V.

I. Evidence of non-compliance with the Administrative Procedures Act is relevant to a challenge of a judgment filed by the Comptroller of the Treasury.

II. A court may not enforce an action of a state agency initiated by a form that does not comply with the Forms Management Act.

III. There is a derogation of the constitutional right to due process when burdening property where the comptroller does not comply with the Administrative Procedures Act in his lien procedures.

We shall affirm the judgment of the circuit court.

## BACKGROUND

As the facts of this case are rather tedious, we shall only recount those essential to our review.

Appellant did not file a 1988 State income tax return. In due course, the Income Tax Division of the Comptroller of the Treasury mailed her a "Notice and Demand." As appellant's income tax return had not been filed, on October 25, 1989, a "Notice of Estimated Tax Assessment" was mailed to her. The notice informed appellant of her right to appeal the estimated tax assessment to the Maryland Tax Court. She did not pursue this option. On December 15, 1989, after the period for appeal had expired, appellee filed in the circuit court its Lien and Judgment for Unpaid Income Tax. It is agreed that appellant received appellee's notices.

On January 3, 1990, in order to remove the Lien & Judgment from the record, appellant filed a "Motion to Direct the Clerk of the Court to Amend the Judgment Docket." On July 31, 1990, a hearing was held. At the hearing, appellant contended that appellee had failed to comply with the State Forms Management Act, thus preventing him from bringing any type of lien and judgment action against her. The circuit court denied appellant's motion. It is from this denial that appellant now appeals.

## DISCUSSION

### I.

Appellant initially contends that the circuit court improperly excluded evidence of appellee's failure to comply with the Maryland Forms Management Act, State Government Article, § 10–604 *et seq.* As we see it, appellant's contention is utterly without merit.

We reiterated in *Paige v. Manuzak,* 57 Md.App. 621, 633, 471 A.2d 758 (1984), that for evidence to be admissible, it must be both relevant and material. Evidence is relevant if it is sufficiently probative of a proposition that, if established, would have legal significance to the litigation. It is material if it tends to establish a proposition that has legal significance to the litigation. *Id.*

The admission or exclusion of evidence is left to the sound discretion of the trial judge. *Bieber v. State,* 8 Md.App. 522, 547, 261 A.2d 202 (1970). Moreover, a trial judge may exclude evidence deemed to be cumulative. *Ali v. State,* 314 Md. 295, 307, 550 A.2d 925 (1988). An appellate court will only reverse upon finding that the trial judge's determination was "both manifestly wrong and substantially injurious." *Paige,* 57 Md.App. at 633, 471 A.2d 758. *Riffey v. Tonder,* 36 Md.App. 633, 646, 375 A.2d 1138 (1977). *See generally; Hamilton, Superintendent v. Verdow,* 287 Md. 544, 562, 414 A.2d 914 (1980), (When executive privilege, like other privileges, is claimed during a trial, its applicability is left to the trial judge.); *Murphy v. State,* 184 Md. 70, 78, 40 A.2d 239 (1944), (Trial court correctly declined to admit into evidence purse and its contents, when the State was unable to show that the purse was in the same condition as when found by the witness.); *Eagle–Picher v. Balbos,* 84 Md.App. 10, 99, 578 A.2d 228 (1990), (Whether to admit evidence depicting the condition of victims is left to the sound discretion of the trial court.); *Serdenes v. Aetna Life Ins. Co.,* 21 Md.App. 453, 462–463, 319 A.2d 858 (1974), (Whether a witness is an expert, and

can give an expert opinion, is within the discretion of the trial court.).

■ In the case *sub judice*, the trial judge was neither manifestly wrong nor did appellant suffer substantial injury. During the hearing, appellant sought to introduce evidence concerning appellee's failure adequately to comply with the Forms Management Act. In her brief, appellant erroneously claims that "the court sustained an objection to the whole line of questioning on the Forms Management Act as irrelevant." As we read the record, the trial judge heard testimony concerning appellee's preparation of a register, appellee's use of lists of forms in lieu of a register, and that appellee's Forms Management Officer reviews and approves all forms used by appellee. After hearing the evidence, the trial judge, upon appellee's objection, decided that evidence concerning the Forms Management Act was irrelevant. In doing so, the trial judge exercised his discretion concerning the relevancy and materiality of the evidence. He did not abuse his discretion.

## II.

Appellant next contends that the action of a state agency initiated by a form that does not comply with the Forms Management Act of the State (the Act) may not be enforced by the court. Although we are amazed by the ingenuity of appellant's contention, we disagree.

■ The purpose of statutory construction "is always to seek out the legislative purpose, the general aim or policy, the ends to be accomplished ..." by the statute construed. *Morris v. Prince George's County*, 319 Md. 597, 603–04, 573 A.2d 1346 (1990). Frequently, the language of the statute being construed is sufficiently expressive of its legislative purpose or goal, *Davis v. State*, 319 Md. 56, 61, 570 A.2d 855 (1990), because the "meaning of the plainest language" is affected by its context and the court is always at liberty to consider the statutory language within the context in which it appears. *Matter of Diane M.*, 317 Md.

652, 658, 566 A.2d 108 (1989). With these principles firmly in mind, we turn now to the statute before us.

■ The Forms Management Act was enacted by Chapter 981, Laws of 1978. It is now codified in State Gov't Art. § 10–604, *et seq.* The Act requires the head of each department and independent unit to designate a Forms Management Officer (§ 10–606(a)); directs the Forms Management Officer to maintain a current plan for the management of the forms utilized (§ 10–605(b)(1)(i)); provides that the plan requires a register of the forms that the Forms Management Officer approves (§ 10–606(a)(2)); and provides that a department may use only the forms that are listed on its register (§ 10–607). The term "form" is defined as "a document that has a standard format for the systematic and repetitive collection, maintenance, or transmission of information (§ 10–604(d)). The purpose of the Act is to "requir[e] each principal department ... to have a forms management plan which meets certain criteria." 1978, Md. Laws, Ch. 981.

As we interpret it, the Act reflects the General Assembly's intention to establish a concise, manageable and uniform plan for individual state departments and units to communicate internally and with the general public. We note, however, that while the Act is mandatory, there are no sanctions for failure strictly to adhere to it.

In the instant case, Ms. Diane Daffin, appellee's Forms Management Officer, testified that she approved all of the forms before they were used by appellee. Ms. Daffin also said that appellee has compiled a list of forms, even though it was not officially called a "register." She averred, however, that the forms are being compiled into a system that is titled "register."

As we just pointed out, appellee has a Forms Management Officer, who reviews and approves all of the forms used by appellee. While a "register" is not referred to, appellee maintains a formal list of approved forms. The "Notice and Demand" and the "Notice of Assessment" sent

to appellant by appellee satisfy the definition of a form set out in the Act. Appellant was reminded of her obligation to file a 1988 State Income Tax return. She elected to ignore the notice. Consequently, she was notified of the tax estimate and given the opportunity to appeal to the Maryland Tax Court. For whatever reason, she chose not to do so. In any event, we conclude that appellee has complied fully with the Act. We remind appellant, however, that even if appellee were not in compliance with the Act, appellant would not be afforded any relief.

Hence, we see no error in the trial judge's denial of appellant's motion.

### III.

Finally, appellant contends the Lien and Judgment was obtained in violation of due process of law.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *St. George Church v. Aggarwal*, 83 Md.App. 599, 608, 576 A.2d 224 (1990) (*quoting Schroeder v. City of New York*, 371 U.S. 208, 211, 83 S.Ct. 279, 282, 9 L.Ed.2d 255 (1962)). Due process is a flexible concept that calls for such procedural protection as the particular situation may demand. *Phillips v. Venker*, 316 Md. 212, 218, 557 A.2d 1338 (1989). If a party receives notice, opportunity to respond and/or to request a hearing, yet fails to do so, the party has waived any due process claim. *Blanton v. Equitable Bank, Nat'l Ass'n*, 61 Md.App. 158, 166, 485 A.2d 694 (1985).

It has long been established that the proper avenue for contesting assessment of income taxes ... is by way of the Maryland Tax Court. *See* Tax–Gen. § 13–510(a)(1). *Comptroller of Treasury v. Russell*, 284 Md. 174, 395 A.2d 488 (1978).

Appellee first satisfied the notice requirements when appellant received the "Notice and Demand" on September 21, 1989—slightly over five months past the original tax due date, April 15, 1989. The issuance of a "Notice and Demand" is a statutory prerequisite under Tax–Gen. Art. § 13–303(2) before an estimated tax assessment may be computed. Appellant was notified of an estimated tax assessment on October 25, 1989. At that point, appellant had been notified of the tax assessment and given the opportunity for a hearing. She elected not to respond to the notice or request an appeal to the Maryland Tax Court. Consequently, because of her inaction, appellant waived the due process afforded her. The circuit court properly denied her motion.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.