Dear Delegate Vallario:
You have asked for our opinion concerning Annotated Code of Maryland, Courts Judicial Proceedings Article ("CJ"), § 3-828(a), which requires that certain police records of juveniles remain confidential. Specifically, you ask whether that provision prohibits the disclosure of information concerning a child in a police motor vehicle accident report, even when no charges are brought or contemplated against the child.
In our opinion, CJ § 3-828(a) applies only to police records concerning a matter that could bring the child within the jurisdiction of the juvenile court. Thus, the statute does not ordinarily prohibit disclosure of a police record in which a child is simply identified as a victim or witness of a motor vehicle accident. Moreover, because many traffic offenses involving juveniles are not within the jurisdiction of the juvenile court, reports concerning those offenses are not confidential under CJ § 3-828. If no charges within the jurisdiction of the juvenile court are brought or contemplated, the statute does not prohibit disclosure of a police report.[1]
 I Confidentiality of Juvenile Records
A. CJ § 3-828(a)
 Statutory Text and Context
CJ § 3-828 appears in a subtitle of the Courts Judicial Proceedings Article often referred to as the Juvenile Causes Act. That subtitle is designed to carry out the purposes of the juvenile justice system and to provide judicial procedures for that system. CJ § 3-802.[2] Various sections in the subtitle delineate the jurisdiction of the juvenile court (CJ § 3-804), the process for filing a petition to initiate juvenile proceedings (CJ § 3-812), the evidentiary use of statements made during certain stages of juvenile proceedings (CJ § 3-811), the assignment of masters and judges to juvenile cases (CJ §§ 3-803, 3-813), the assignment of counsel to children subject to such proceedings (CJ § 3-821, 3-834), custody, detention, and examination of a child in connection with a juvenile proceeding (CJ § 3-814
through § 3-816, 3-818), adjudication and disposition of juvenile proceedings (CJ §§ 3-819, 3-820, 3-823 through 3-826.1), and responsibilities of the parents of children subject to such proceedings (CJ §§ 3-829, 3-830). The Juvenile Causes Act does not purport to deal with children generally, but rather with children subject to the jurisdiction of the juvenile court.
CJ § 3-828 protects the confidentiality of official records related to proceedings under the Juvenile Causes Act. It makes certain police records concerning juveniles confidential, as follows:
 (1) A police record concerning a child is confidential and shall be maintained separate from those of adults. Its contents may not be divulged, by subpoena or otherwise, except by order of the court upon good cause shown or as otherwise provided in § 7-303 of the Education Article.
(2) This subsection does not prohibit:
 (i) Access to and confidential use of the record by the Department of Juvenile Justice or in the investigation and prosecution of the child by any law enforcement agency; or
 (ii) A law enforcement agency of the State or of a political subdivision of the State or the criminal justice information system from including, in the law enforcement computer information system, information about an outstanding juvenile court ordered writ of attachment, for the sole purpose of apprehending a child named in the writ.
CJ § 3-828(a). "Child" is defined as a person under the age of 18. CJ § 3-801(d).
Read literally, CJ § 3-828(a)(1) would appear to make confidential any "police record concerning a child." However, this provision must be read in context. The exception related to Education Article § 7-303
in the first paragraph of CJ § 3-828(a) permits police to notify a school superintendent of the arrest of a student. The second paragraph of CJ § 3-828(a) makes reference to the use of police records by the Department of Juvenile Justice and by other law enforcement agencies "in the investigation and prosecution of the child" and "for the purpose of apprehending the child." CJ § 3-828(a)(2). All of these authorized uses of police records pertain to situations involving actual or potential proceedings involving the child in the juvenile court. The other subsections of CJ § 3-828 all concern records pertaining to children within the jurisdiction of the juvenile court.[3] To the same effect, the Court of Appeals has described CJ § 3-828(a) as "govern[ing] disclosure of police records of a juvenile in the custody ofjuvenile authorities . . . ." In re Diane M., 317 Md. 652, 657,566 A.2d 108 (1989) (emphasis added). The legislative history of CJ § 3-828(a) confirms this reading of the statute.
 2. Legislative History
The lineage of CJ § 3-828(a) can be traced to the marriage 25 years ago of the two juvenile codes that then existed in State law — one applicable in Montgomery County alone, and one applicable in the rest of the State.
A confidentiality provision was added to the general State juvenile code when that code was revised in 1969. Chapter 432, § 2, Laws of Maryland 1969. It stated:
 (a) Police records concerning a child shall be maintained separate from records of arrests of adults and shall not be open to public inspection or court subpoena or their contents divulged to the public, unless a charge of delinquency is transferred for criminal prosecution under [another section of the law].
 (b) Inspection of the records shall not be permitted without an order of a judge exercising general jurisdiction in the county in which the records are maintained.
Article 26, § 70-23 (1973). When the Courts Judicial Proceedings Article was created as part of code revision, that provision was recodified as CJ § 3-838(b)-(c). See Chapter 2, § 1, 1st Sp. Sess., Laws of Maryland 1973. In distinguishing the treatment of police records "concerning a child" from records of adult arrests, this provision clearly contemplated police records concerning instances in which the child was under investigation or was charged with a violation of the law.
A similar confidentiality provision was added to the juvenile code for Montgomery County in 1973. See Chapter 647, Laws of Maryland 1973. That provision read:
 Police records concerning a child are confidential and shall be maintained separate from those of adults. Their contents shall not be divulged, by subpoena or otherwise, except upon order issued by a judge exercising juvenile court jurisdiction in Montgomery County upon good cause shown; provided, however, that nothing herein shall be deemed to prohibit access to and confidential use of such records in the investigation and prosecution of the child to whom the records relate by and among law enforcement agencies and the State Department of Juvenile Services.
Article 26, § 76A(a) (1973). That section was recodified as CJ § 4-521(a) when the Courts Judicial Proceedings Article was created. Unlike the Statewide provision, the confidentiality provision of the Montgomery County law did not specifically mention adult arrests. Also, the Montgomery County law did not provide an exception for records relating to cases transferred for criminal prosecution. On the other hand, the Montgomery County provision clearly applied only to children within the jurisdiction of the juvenile court, as the statute defined "child" to mean "a person under the age of 18 years who is subject to thejurisdiction of the [juvenile] court." CJ § 4-501(b) (1973) (emphasis added).
Thus, in the early 1970s, both the Montgomery County juvenile code and the code governing juvenile causes in the rest of the State made police records pertaining to juveniles confidential. In both cases, however, the confidentiality provision was limited to records pertaining to children within the jurisdiction of the juvenile court.
In 1975, the Governor proposed legislation to combine the two sets of juvenile justice statutes into a single code of juvenile causes. That proposal resulted in the current Juvenile Causes Act. See Chapter 554, Laws of Maryland 1975, codified at CJ § 3-801 et seq. The provisions concerning confidentiality of police records were consolidated and recodified as CJ § 3-828(a). That provision remains essentially unchanged today.[4]
The legislative file concerning the 1975 legislation contains a lengthy memorandum by Judge Alan M. Wilner, then the Governor's Chief Legislative Officer, describing the combined statute and explaining various choices made between alternative provisions. Memorandum of Alan M. Wilner, Chief Legislative Officer, re Summary and Explanation of Proposed JuvenileCode ("Wilner Memorandum"). That memorandum described briefly both the Statewide and Montgomery County confidentiality provisions for police records, characterized the provisions of the Montgomery County provision as "more extensive," but, unsurprisingly, concluded that the two statutes were "similar." Wilner Memorandum at pp. 54-55. The Governor's proposal opted to use the Montgomery County provision in the combined law with some modification. Id. at p. 56. There is no suggestion in the Wilner Memorandum that the confidentiality provision was being extended beyond records concerning juveniles who were within the jurisdiction of the juvenile court.
As prior opinions of this Office have discussed, the underlying purpose of CJ § 3-828 and its precursors was to remove the "taint of criminality" from those who are the subject of delinquency proceedings and "to protect and to promote the rehabilitation of children who come within the ambit of the juvenile courts. . . ." 69 Opinions of theAttorney General 165, 168-69 (1984) (footnote omitted).[5] See also
78 Opinions of the Attorney General 240, 242-45 (1993); 55 Opinions ofthe Attorney General 320, 321-22 (1970).
Thus, the legislative history supports the conclusion that CJ § 3-828(a) applies only to police records concerning juveniles subject to the jurisdiction of the juvenile court.[6]
B. Juvenile Court Jurisdiction and Motor Vehicle Accidents
A child comes within the jurisdiction of the juvenile court if he or she is charged with an act of delinquency or is alleged to be a child in need of assistance or in need of supervision.[7] See CJ § 3-812. A child does not come within the jurisdiction of that court simply by virtue of being a victim of, or a witness to, a motor vehicle accident. Moreover, the juvenile court does not generally have jurisdiction over a child alleged to have violated the traffic laws. In particular, the juvenile court has jurisdiction only if the child is under 16 or a child over 16 years old is charged with at least one offense that carries a possible sentence of incarceration. See CJ § 3-804(e)(2), (f); seealso CJ § 3-810(k) (complaints alleging violations of the traffic laws are to be forwarded to the State's Attorney for filing in the appropriate court).
C. Motor Vehicle Accident Reports
State law requires that a written report be prepared concerning any motor vehicle accident that results in bodily injury. Annotated Code of Maryland, Transportation Article ("TR"), § 20-107(a). This requirement is satisfied if the accident is investigated by a police officer who files a report with the Department of State Police. TR § 20-107(f). The State Police have been assigned the task of collecting, analyzing, and disseminating information related to motor vehicle accidents in the State. Annotated Code of Maryland, Article 88B, § 8. Upon payment of a fee, a person may obtain from the State Police a copy of a report regarding a specific motor vehicle accident. Article 88B, § 11; see also COMAR 29.02.02.01.
D. Summary
No reported judicial decision suggests that the confidentiality requirement in CJ § 3-828(a) applies to any police record that happens to mention a person less than 18 years old. Indeed, this Office has concluded that "if a juvenile is charged as an adult with a crime which falls outside the original jurisdiction of the juvenile court, the confidentiality provisions of CJ § 3-828 do not apply." Opinion No. 94-005 (January 24, 1994) (unpublished). For similar reasons, if no charges within the jurisdiction of the juvenile court are brought or contemplated, CJ § 3-828(a) simply does not apply. Thus, if a child is named as a victim or a witness in an accident report, CJ § 3-828(a) would not prohibit disclosure of that report.[8] Even when a child is charged with a traffic violation, in many instances, the offense will not be within the jurisdiction of the juvenile court.
 II Conclusion
In our opinion, CJ § 3-828(a) applies only to police records concerning a matter that could bring the child within the jurisdiction of the juvenile court. Thus, the statute does not ordinarily prohibit disclosure of a police record in which a child is simply identified as a victim or witness of a motor vehicle accident. Moreover, because many traffic offenses involving juveniles are not within the jurisdiction of the juvenile court, reports concerning those offenses are not confidential under CJ § 3-828. If no charges within the jurisdiction of the juvenile court are brought or contemplated, the statute does not prohibit disclosure of a police report.
 Very truly yours, J. Joseph Curran, Jr. Attorney General
 Robert N. McDonald Chief Counsel Opinions Advice
[1] Our analysis and conclusion is consistent with the advice previously provided by Assistant Attorney General Kathryn M. Rowe in a letter dated March 17, 1999.
[2] CJ § 3-802(a) states that the purposes of the Juvenile Causes Act are:
 (1) To ensure that the juvenile justice system balances the following objectives for children who have committed delinquent acts:
 (i) Public safety and the protection of the community;
 (ii) Accountability of the child to the victim and the community for offenses committed; and
 (iii) Competency and character development to assist children in becoming responsible and productive members of society.
 (2) To hold parents of children found to be delinquent responsible for the child's behavior and accountable to the victim and the community.
 (3) To hold parents of children found to be delinquent or in need of assistance or supervision responsible, where possible, for remedying the circumstances that required the court's intervention;
 (4) To provide for the care, protection, and wholesome mental and physical development of children coming within the provisions of this subtitle; and to provide for a program of treatment, training, and rehabilitation consistent with the child's best interests and the protection of the public interest;
 (5) To conserve and strengthen the child's family ties and to separate a child from his parents only when necessary for his welfare or in the interest of public safety.
 (6) If necessary to remove a child from his home, to secure for him custody, care, and discipline as nearly as possible equivalent to that which should have been given by his parents; and
 (7) To provide judicial procedures for carrying out the provisions of this subtitle.
[3] For example, CJ § 3-828(b)(1) makes confidential "a court record pertaining to a child." Despite that broad language, the remaining paragraphs of that subsection make clear that it contemplates children within the jurisdiction of the juvenile court. Those paragraphs authorize various participants in the juvenile court system and law enforcement agencies to have access to the records and sets ground rules for the subsequent use of the records. CJ § 3-828(b)(2)-(5). Seealso Maryland Rule 11-121 (relating to confidentiality of court records of juvenile proceedings and cross-referencing CJ § 3-828).
Nothing in the remaining subsections of CJ § 3-828 suggests that the confidentiality provisions were meant to extend beyond children subject to the jurisdiction of the juvenile court. Subsection (c) authorizes a court to seal court records of a child. Subsection (d) allows the Division of Parole and Probation and the Parole Commission access to juvenile records concerning a charge or adjudication of delinquency. Subsection (e) allows the Division of Correction to access records relating to individuals in its custody. Subsection (f) permits access to juvenile records for criminal justice research purposes, with the proviso that identifying information be redacted. Finally, subsection (g) explicitly permits notification of a victim concerning proceedings with respect to a child.
[4] Only two substantive amendments have been made to that subsection since 1975. First, legislation passed in 1995 obligates law enforcement agencies to notify the local school superintendent if a child attending public school is arrested for certain offenses. Chapters 111, 112, Laws of Maryland 1995; see also Annotated Code of Maryland, Education Article, § 7-303. As part of that legislation, CJ § 3-828(a)(1) was amended to permit police to divulge the contents of the police records related to the arrest.
Second, a 1998 amendment of CJ § 3-828(a) authorizes law enforcement agencies to include information concerning a court-ordered writ of attachment in a criminal justice information system for the purpose of apprehending the child named in the writ. Chapters 464, 465, Laws of Maryland 1998, codified at CJ § 3-828(a)(2)(ii).
[5] This conclusion was based in part on a stated purpose of the Juvenile Causes Act "to remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior," which formerly appeared as CJ § 3-802(a)(2) and had long been a part of the juvenile code. See Article 26, § 70(2) (1969). A 1997 amendment eliminated that sentiment from CJ § 3-802 and substituted other purposes generally described as incorporating "the philosophy of restorative justice." See Chapter 532, Laws of Maryland 1997, codifiedat CJ § 802(b)(1)-(2). See also footnote 2, supra. That legislation, however, did not amend CJ § 3-828 nor indicate any intent to expand the confidentiality provisions beyond children subject to the juvenile court's jurisdiction.
[6] Even when CJ § 3-828(a) does not apply, police records that include information concerning a juvenile are not necessarily available to the public. For example, under the Maryland Public Information Act, subject to certain conditions, a custodian has discretion to deny inspection of police investigatory files. See Annotated Code of Maryland, State Government Article, § 10-618(f).
[7] The statute defines "child in need of assistance" and "child in need of supervision" as follows:
 "Child in need of assistance" is a child who requires the assistance of the court because:
 (1) The child is mentally handicapped or is not receiving ordinary and proper care and attention, and
 (2) The child's parents, guardian, or custodian are unable or unwilling to give proper care and attention to the child and the child's problems provided, however, a child shall not be deemed to be in need of assistance for the sole reason that the child is being furnished nonmedical remedial care and treatment recognized by State law.
CJ § 3-801(e).
 "Child in need of supervision" is a child who requires guidance, treatment, or rehabilitation and:
 (1) Is required by law to attend school and is habitually truant;
 (2) Is habitually disobedient, ungovernable, and beyond the control of the person having custody of him;
 (3) Deports himself so as to injure or endanger himself or others; or
 (4) Has committed an offense applicable only to children.
CJ § 3-801(f).
[8] In practice, it may not always be readily apparent from the report itself if the child is simply a witness or victim or whether charges are likely to be brought against the child — a distinction that may pose an administrative burden for a police agency that must protect the confidentiality of records subject to CJ § 3-828(a).
 *Page 259