GEORGE C. BRADLEY et al., Caveators,

*vs.*

JANE B. BRADLEY.

*Probate of Wills: exclusive jurisdiction of Orphans' Court; testamentary papers only; decision conclusive until reversed; —in rem; as to character of papers, etc. Contracts in consideration of marriage: agreement as to will.*

The jurisdiction conferred by section 338 of Article 93 of the Code (1912) upon the Orphans' Court is exclusive, but in its exercise such courts are limited to the probate of wills, testaments and codicils, and they are not authorized by it to take the probate of any paper writing not of such a character.

p. 652

A petition to probate a will is *in rem;* and not only involves the testamentary capacity of the testator, his residence within the, jurisdiction and the sufficiency of the execution of the will, but also involves the fact that the instrument probated is testamentary in character.          p. 652

Like any other judgment of a competent jurisdiction, the probate of a will is conclusive until revoked or set aside according to law.          p. 653

A paper writing having the form and verbiage of a will and codicil, and executed as such, was presented to the Court for probate by Jane B. Bradley, wife of the deceased; in presenting the paper she stated under oath that she did not "know of any will or codicil of Henry Bradley other than the above instrument of writing," and after taking the affidavits of witnesses thereto made in the usual form, the Court passed its order admitting it to probate as the true and genuine last will and testament and codicil of Henry Bradley, deceased. This was the judicial determination of a Court made in the exercise of the exclusive jurisdiction conferred upon it by statute, and was held to be conclusive until reversed or set aside.          p. 654

Where by a valid contract, in consideration of marriage, a man
had agreed to make by will a certain provision for his wife,
on his death, the widow has the right to have the contract
established and enforced by a Court of Equity; and the right
is not defeated by caveat proceedings which determine that
the testamentary paper left by him was not a valid or effective
will.                                           p. 654

*Decided February 13th, 1912.*

Appeal from the Orphans' Court of Montgomery County.

The facts are stated in the opinion of the Court.

The appeal was argued before BOYD, C. J., BRISCOE,
PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCK-
BRIDGE, JJ.

*D. W. Baker* (with whom were *Frank J. Hogan* and *W.
Outerbridge Spates,* on the brief), for the appellant.

*Charles W. Prettyman* (with whom were *Talbott & Petty-
man, Bouic & Bouic,* and *William L. Marbury,* on the brief),
for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appeal in this case is from an order or decree of
the Orphans' Court of Montgomery County overruling the
motion of the appellants asking that issues be framed and
sent to the Circuit Court for said county for trial, and dis-
missing their caveat. The facts of the case are substantially
as follows:

On the 7th day of February, 1911, upon the application
of Jane B. Bradley, the alleged will and codicil of her de-
ceased husband, Henry Bradley, was admitted to probate
and letters testamentary thereon were issued to her. She
qualified as such executrix and took possession of his real

and personal estate, amounting in value to about one hundred thousand dollars, all of which passed to her under the terms of the alleged will.

On May 9th, 1911, the appellants, a brother, sister, and two nephews, sons of a deceased sister Henry Bradley, deceased, heirs and next of kin of Henry Bradley, deceased, filed a caveat to the said alleged will and codicil, alleging, among other things, first, a want of testamentary capacity in the said Henry Bradley at the time of the execution of the alleged will and codicil, and, second, that the said alleged will and codicil were procured by undue influence and coercion practiced and exercised upon him by the said Jane B. Bradley; and in their petition they prayed that issues be framed and sent to a court of law for trial.

On the 14th day of June thereafter Jane B. Bradley filed a plea to the caveat, alleging therein that the Orphans' Court was without jurisdiction to decide the questions raised by the caveat, and that she has filed her bill in the Equity Court for Montgomery County, asking it to take jurisdiction of such questions and to enjoin the Orphans' Court in the further prosecution of the caveat, and in her plea asked the Orphans' Court to defer action upon the caveat until the Equity Court had acted upon her bill. This request of the caveatee was granted by an order of Court passed on July 25th following, deferring further action upon the caveat.

Jane B. Bradley, in her bill filed in the Equity Court for Montgomery County, to which we have referred, alleged, among other things, in support of her allegation that the Orphans' Court was without jurisdiction to hear and determine the questions involved in the caveat; that she in 1904, upon the oft repeated and urgent solicitation of Henry Bradley, consented to marry him; the day, however, at such time was not fixed. That he, in advance of any definite agreement as to when the marriage should take place, and in furtherance of his desire to marry her, executed what is termed in the bill an antenuptial agreement, by which he agreed and

promised, in the event of such marriage, that she should have in lieu of other interests in his property as a result of such marriage, the sum of thirty thousand dollars and a house and lot in Rockville, Md. On the 14th day of September, 1904, Bradley, with a marriage license "which he had caused to be issued without her knowledge but in anticipation of her consent," went to her home and exhibited to her the antenuptial agreement as well as a paper purporting to be his last will and testament, the one involved in these proceedings, by which he devised and bequeathed unto her all his property and estate, conditional, however, upon their marriage. Moved by these inducements, she agreed to marry him then and there. This she did, and they continued to live together as man and wife until his death, in January, 1911. Both the agreement and will, pursuant to their agreement, were delivered to her prior to the marriage. The agreement was afterwards recorded. And subsequently, on the 15th day of December, 1910, he executed a codicil to said will, which stated that the marriage had taken place, and it in effect ratified and confirmed the antenuptial contract and will previously executed and delivered to her.

In her bill she avers that these negotiations or transactions between them constituted a binding contract and agreement by which she, on her part, was to marry him, and he, in the event of their marriage, was to deliver to her the antenuptial settlement and will, the latter to remain unrevoked and in full force and effect; and that the contract on her part was performed by her marriage to him, and that the contract on his part was performed by the delivery and recording of the antenuptial agreement and by the execution and delivery of the said last will and testament to her, and by the death of the deceased leaving his last will and testament unrevoked.

Following these allegations, the bill then charged that the institution of the proceedings in the Orphans' Court were an attempt to commit a fraud upon her, because the property

devised and bequeathed to her was not a gift of the deceased by the will, but was the performance by him of a solemn and binding contract and agreement made and entered into with her in consideration of her marriage to him, which contract and agreement she on her part had fully performed; and then charged that the Orphans' Court was without jurisdiction to determine the rights of the parties under said contract, and that she would not be able to assert her rights thereunder in said Court, and that it would be a fraud upon her to allow the proceedings under the caveat to continue, as she would thereby be deprived of the means of defending her rights and be subjected to irreparable loss, etc.

To this bill the caveators, defendants thereto, demurred, and the Court sustained their demurrer and dismissed the bill. Upon appeal to this Court the order sustaining the demurrer and dismissing the bill was affirmed.

The Court in that case said, speaking through JUDGE THOMAS:

"We think it clear that the jurisdiction to take probate of wills conferred by the provisions of the Code upon Orphans' Courts of this State is an exclusive jurisdiction, and a Court of Equity has no power to determine whether a will shall be admitted to probate or to revoke an order of the Orphans' Court admitting a will to probate.

"In this case the will in question was admitted to probate and letters testamentary were granted by the Orphans' Court before the caveat was filed, and such action of the Orphans' Court can not be revoked or reviewed by a Court of Equity. *McDaniel* v. *McDaniel,* 86 Md. 625; *Stanley* v. *Safe Deposit Co.,* 87 Md. 450.

"The Code confers upon the Orphans' Court ample authority to hear and determine caveats filed after a will has been admitted to probate, and to revoke letters previously granted, and the Orphans' Court of Montgomery County is clothed by statute with full power to determine the questions raised by the petition of the appellees and to grant the relief prayed

by them. Even if it be conceded that the averment of the bill,. that the appellant performed the contract relied on, is a complete defense to the objection that the deceased was not capable of making a will, and that where that is the only objection to a will a Court of Equity should intervene in order to give effect to such a defense, in the case at bar there are *other* charges against the will to which the defense relied on is not a sufficient answer, which a Court of Equity is without jurisdiction to decide for the purpose of determining whether the will in question should be admitted to probate or whether the order of the Orphans' Court admitting it to probate should be revoked, and which, if the injunction was granted, would remain undisposed of. * * * Here, in addition to the allegation that the deceased was of unsound mind, the petitioners rely upon the charge that the alleged will was produced by undue influence, which, as we have said, is not sufficiently met by the defense upon which the appellant relies as ground for an injunction."

The case was decided in this Court on February 28th,. 1912, and on June 24th thereafter the caveatee answered the caveat denying its allegations, and upon the same day also. filed in the Orphans' Court a petition alleging therein practically the same facts as are found in the bill of complaint which we have hereinbefore fully stated, and upon which facts she charges that, "The paper writing which is described in these proceedings as the last will and testament of the said Henry Bradley, was in fact converted into an inherent, essential and inseparable part of an irrevocable agreement between the said Henry Bradley and this defendant," and that if the caveators desired to vacate and set aside said agreement for any of the causes named in the caveat, "the proper forum * * * is not a probate Court, which has no jurisdiction with reference to such questions so far as they affect or relate to contracts, but to a Court of Equity, which alone has jurisdiction in the premises."

The petition then further alleges that the paper writing described as the last will and testament of the said Henry Bradley, deceased (containing this language: "I give, devise and bequeath all my estate of every nature whatsoever and wheresoever situate unto Jane B. Cromwell, absolutely and in fee simple, conditional, however, upon a marriage being consummated between me and the said Jane B. Cromwell, in which event this will, so far as it relates to the provisions herein made in favor of the said Jane B. Cromwell (the same having been made as an additional consideration of her agreement to become and becoming my wife) shall be irrevocable"), "is irrevocable and unchangeable and does not possess that ambulatory and revocable character which is the essential and distinguishing characteristic of a true last will and testament, is not a will but a contract, and therefore does not fall within the purview of sections Nos. 342, 343, 344, 345, 346, 348, 349 and 355 of Article 93 of the Code of Public General Laws, the provisions of which relate solely to valid and revocable wills." The petition then asks that the caveat be dismissed.

A demurrer filed to this petition was overruled, and the caveators, by order of Court, were required to answer the petition, which they did, admitting most of the facts therein alleged, but denying the legal correctness of the conclusions based upon those facts as stated by the petitioner. To this answer a replication was filed, and again the caveators filed their motion asking the Court to frame issues to be sent to the Circuit Court for trial on the issues joined on the caveat and answer thereto.

At this stage of the proceedings the caveatee offered evidence in support of the allegations of the petition, but the Court by its order refused to admit this evidence, on the ground of a want of jurisdiction to consider it, and in the same order overruled the motion of the caveators that issues be sent to the Circuit Court for trial, and dismissed the

caveat. It is from this order dismissing the caveat that this appeal is taken.

The Orphans' Court in its order overruling the caveators' demurrer to the petition of the caveatee asking that the caveat be dismissed, stated that "from an inspection of said will and other facts admitted by the demurrer that the same was made in execution of a contract, and not a will subject to caveat." This was after the will had been admitted to probate by the Court and while the order probating it was still in full force and effect.

Section 338 of Article 93 of Bagby's Code provides that: "The Orphans' Courts, and in their recess the registers of wills, in this State are authorized to take the probate of any will, testament or codicil." The authority or jurisdiction conferred by this statute upon the Orphans' Courts or the register of wills in the recess of their respective Courts, is, as we have repeatedly said, an exclusive jurisdiction, but in the exercise of it they are limited to the probate of *wills, testaments* and *codicils.* They are not authorized by it to take probate of any paper writing not of such testamentary character.

What is meant by the term "probate" and the effect to be given to it is clearly defined and stated in 40 *Cyc.* page 1223, where it says that the term probate "when properly defined and strictly used, relates to proving and establishing a will before the officer or tribunal having jurisdiction to determine its validity, and, as then used, it includes not only the evidence presented to the Court, but also the judicial determination by the Court on that evidence that the instrument is what it purports to be. A proceeding to probate a will is one *in rem,* calling for the exercise of judicial, rather than the ministerial, powers of that Court." "The probate of a will not only involves the testamentary capacity of the testator, his residence within the jurisdiction and the sufficiency of the execution of the will, but also the fact that the instrument probated is testamentary in character." 40 *Cyc.*

page 1372. "And like any other judgment of a competent jurisdiction it is conclusive until reversed or set aside according to law." 23 *A. & E. Ency.* (N. Ed.) page 132."

The paper writings in this case having the form and verbiage of a will and codicil and executed as such, were presented to the Court for probate by Jane B. Bradley, the widow of the deceased. In presenting it she stated, under oath, that she did "not know of any will or codicil of Henry Bradley other than the above instrument of writing," and after taking the affidavits of the witnesses thereto made in the usual form, the Court passed its order admitting it to probate "as the true and genuine last will and testament and codicil of Henry Bradley, deceased." This was the judicial determination of the Court made in the exercise of the exclusive jurisdiction conferred upon it by statute, which, as we have said, is conclusive until reversed or set aside according to law. This judgment of the Court still stands, and no effort or attempt has been made to revoke it except by the caveat, which under the order of the Court appealed from was dismissed.

Upon the probate of the will, letters testamentary were granted to the appellee, Jane B. Bradley, and she took possession of both the real and personal property of the deceased and continues to hold it. Until the will was probated no letters testamentary could have been issued thereon, and therefore by reason of such probate the appellee was enabled to avail herself of the advantages and benefits accruing to her therefrom in respect to the property and estate of the deceased. In acquiring these advantages and benefits, the paper writings were treated by her and by the Orphans' Court as the will and codicil of the deceased; but now it is contended by her that these paper writings constitute a contract and that they should not be considered as a will and codicil in the sense that they are subject to caveat, and suggests that the only remedy open to those who seek to caveat the will and codicil for the reasons stated in the caveat, is by bill in equity to annul and vacate said paper writings.

We can not adopt this view of the appellee. The Orphans' Court, in admitting to probate the said alleged will and codicil, acted within its jurisdiction, and its determination in respect thereto is conclusive until reversed on appeal or set aside by its order, and so long as the probate remains unrevoked the said alleged will and codicil is in our opinion subject to caveat within the time allowed by law.

This is not an appeal from the action of the Orphans' Court in admitting the alleged will and codicil to probate, but is from an order dismissing the petition of the caveators asking that issues be framed, upon the questions therein presented, and sent to the Court of law for trial. Upon this appeal we can not, upon the question presented by the appellee, review the action of the Orphans' Court in admitting to probate the alleged will and codicil. Whether the paper writings form and constitute a contract between Henry Bradley and his widow, Jane Bradley, or are the will and codicil of Henry Bradley, deceased, is not before us for our determination.

If it should be determined in the caveat proceeding that the deceased left no valid or effective will, the rights of the appellee to proceed in a Court of Equity to establish a valid and binding contract between her and her deceased husband, by which he was to provide for her by will, would not be defeated thereby.

In our opinion, it was the duty of the Orphans' Court in this case to make up and transmit issues to a court of law, as prayed in the petition of the caveators, and they erred in their refusal to do so. *Price* v. *Taylor,* 21 Md. 363; *Keene* v. *Corse,* 80 Md. 20; *Sumwalt* v. *Sumwalt,* 52 Md. 338. Therefore, the order of the Court below should be reversed and the case remanded that the Court may act in conformity with the views herein expressed.

*Order reversed, cause remanded, with costs to*
*the appellants.*