WALTER B. BROOKS *v.* ETTA T. SPRAGUE et al..

[No. 42, January Term, 1929.]

*Decided March 21st, 1929.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*James Morfit Mullen,* with whom was *Edward Guest Gib-
son* on the brief, for the appellant.

*Clarence A. Tucker* and *Biscoe L. Gray,* with whom were
*Knapp, Tucker & Thomas* on the brief, for the Baltimore
Acceptance Corporation, appellee.

*R. Lee Slingluff,* submitting on brief, for *Etta T. Sprague*
and others, appellees.

URNER, J., delivered the opinion of the Court.

The bill of complaint in this case alleges that the plain-
tiff is the owner of certain real estate in Baltimore which
he sold, on May 3rd, 1920, under a conditional contract of
sale, to Etta T. Sprague, who had been a valued employee of
the plaintiff, for the sum of $5,000, which was less than
its true value, $200 of the purchase price being payable
when the contract was signed, $1,300 within sixty days
thereafter, and the balance, together with taxes, water rent
and interest, in weekly instalments of $12.75; that the con-
tract by its terms was to be null and void, at the plaintiff's
option, if a breach of any of its covenants or conditions oc-
curred, and in that event the payments on account of the
purchase were to represent liquidated damages and not a
penalty or forfeiture; that the contract was not acknowledged
and contained the stipulation: "By mutual consent this paper
is not to be recorded"; that the purchaser made the cash
payments required by the agreement and paid some of the
weekly instalments; that on October 12th, 1925, there was
due to the plaintiff, under the contract of sale, the sum of
$3,345.14, and he has received no payments on account of
the purchase since that date; that the plaintiff and the pur-
chaser agreed that she could not complete the transaction
and that the plaintiff should exercise his option to declare
the contract null and void, which he accordingly proceeded
to do, and the purchaser, on or about April 19th, 1926, sur-
rendered the property to the plaintiff, who has since held it in
his sole possession; that in June, 1927, the plaintiff con-

tracted to sell the property to Ida P. Thomas, but objection was made to the title because of the fact that the plaintiff's contract of sale with Etta T. Sprague, together with an acknowledged assignment thereof, dated September 15th, 1922, to the Baltimore Acceptance Corporation, was recorded on January 8th, 1923, and because a paper writing in the nature of a mortgage, executed, but not acknowledged, by Mrs. Sprague and her husband, to secure the sum of $3,760, advanced by her mother, Anna B. Tuckerman, to cover the initial payment of $1,500 on the price of the property purchased from the plaintiff, and to provide $2,260 for its improvement, had also been filed for public registration; that, prior to his sale of the property to Ida P. Thomas, the plaintiff was unaware that the contract of sale to Mrs. Sprague and her mortgage to her mother had been recorded, but he had been informed in the early part of 1926, by a representative of the Baltimore Acceptance Corporation, of the assignment to it by Mrs. Sprague of her contract of purchase, and had been requested by its representative to recognize the assignment, but the plaintiff refused such recognition; that the assignment, while absolute in form, was actually intended as a security for certain loans.

It is averred by the bill that the recording of the plaintiff's contract with Mrs. Sprague, contrary to its terms, was unwarranted and prejudicial to the plaintiff's interest, and subjects him to the necessity of invoking the aid of a court of equity for the removal of the cloud thus cast upon his title. Relief to that end is sought by means of a proposed decree, declaring null and void the contract of sale with Mrs. Sprague and its assignment to the Baltimore Acceptance Corporation.

The answer of Mrs. Sprague and her husband to the bill of complaint admitted that she had surrendered the property in question to the plaintiff because of her inability to continue the payments stipulated by the contract of sale, and she disclaimed responsibility for the recording of the contract and assignment. Her mother, Mrs. Tuckerman, filed an

answer, which did not contest the right asserted by the plaintiff, but claimed that the interest of the Baltimore Acceptance Corporation under its assignment was inferior to that created by her previously executed though subsequently recorded mortgage.

In its answer the Baltimore Acceptance Corporation stated that, on or before January 1st, 1923, the plaintiff had actual knowledge of the assignment to it from Mrs Sprague of her contract of sale; that the purpose of the assignment was to secure the repayment of certain advances on which there is a balance now due amounting to $5,075.50, with interest; that until April, 1926, Mrs. Sprague and her husband continued to have possession of the property purchased from the plaintiff and to spend large sums of money in its repair, maintenance and alteration, and, in answer to inquiries from the corporation, Mrs. Sprague always said that the weekly payments to the plaintiff were not in arrears; that on numerous occasions prior to April 19th, 1926, a statement of the balance due under the assigned contract was demanded of the plaintiff by the corporation, which at the same time proffered to pay the amount due, and explained its interest under the assignment, but a statement of the balance due on the contract was never given to the corporation by the plaintiff, who accounted for his failure to do so by saying that his bookkeeper was absent and that he did not know the amount, but promised to give the information later; that in March, 1926, the corporation, believing that Mrs. Sprague and her husband contemplated removing from the State of Maryland, again made a demand for a statement of the balance due on the purchase price of the property, accompanied by an offer to pay the amount, and the demand and offer were repeated in April, 1926, to which the plaintiff replied that he refused to recognize any rights of the corporation under the contract of sale.

With its answer to the bill of complaint, the Baltimore Acceptance Corporation filed a cross-bill, alleging its right to affirmative relief against the plaintiff by way of discovery of the amounts received by him under his contract with Mrs.

164

Sprague, and as rents and profits from the property since the redelivery to him of its possession, and by a decree for the sale of the property and the application of the proceeds to the payment of the balance due the plaintiff, and then to the claim of the corporation, and the residue as may be determined.

A demurrer to the cross-bill was filed by the original plaintiff, and he has appealed from an order which, after stating that, in the court's opinion, the questions raised by the demurrer should be decided only after a final hearing on the merits, overruled the demurrer without prejudice to the right of the plaintiff to raise the same questions by his answer to the cross-bill, and with leave to file such answer within fifteen days from the date of the order.

The primary question for consideration arises upon a motion to dismiss the appeal. The ground of the motion is that the order is not appealable, because it did not make a final disposition of any interest involved in the proceedings. In equity a right of appeal exists only if expressly conferred by statute. The present appeal cannot be entertained unless the order presented for review is subject to the statutory designation of an "order in the nature of a final decree." Code, art. 5, sec. 30. Such an order is "one which finally settles some disputed right or interest of the parties." *Stockham v. Knollenberg,* 133 Md. 341; *Hendrickson v. Standard Oil Co.,* 126 Md. 582; *Chappell v. Funk,* 57 Md. 472; *Dillon v. Mutual Ins. Co.,* 44 Md. 395; *Hill v. Reifsnider,* 39 Md. 431; *Ware v. Richardson,* 3 Md. 505. It has been held that an order overruling a demurrer to an entire bill of complaint is appealable because it determines the right of the plaintiff to proceed with the case and subjects the opposite party to the duty of making defense. *Chappell v. Funk, supra; Hecht v. Colquhoun.* 57 Md. 563; *Hyattsville v. Smith,* 105 Md. 318; *Darcey v. Bayne,* 105 Md. 365. In those cases the demurrers were not directed to cross-bills, but were filed against original bills of complaint. A cross-bill is "a mere auxiliary suit," "a proceeding to procure a complete determination of a matter already in litigation,"

and is therefore not required, as against the plaintiff in the original bill, to show any ground of equity to support the jurisdiction of the court. *Hooper v. Central Trust Co.,* 81 Md. 576; *Chappell v. Chappell,* 86 Md. 544.

In this case the allegations of fact in the cross-bill of the Baltimore Acceptance Corporation are the same as those contained in its contemporaneous answer. The object of the cross-bill was to utilize for affirmative relief the facts which the answer could present only for defensive purposes. The right of the plaintiff to proceed with the suit and the occasion for the defendant to oppose it would continue to exist irrespective of any ruling on the demurrer to the cross-bill. The effect of the order overruling the demurrer was simply to recognize a possible right of the defendant to relief against the plaintiff when the equities of the case were adjusted by final decree. If the demurrer had been sustained, the essential issue as to the rights of the defendant under the assigned contract of sale would still be undecided. It would therefore be difficult to hold that the ruling on the demurrer to the cross-bill would be appealable, as a final determination of a disputed right or interest, even if the demurrer had been unqualifiedly overruled. But as the order simply reserved the question as to the claim of relief under the cross-bill for decision after a hearing on the merits, and as the lower court, in our judgment, acted within the limits of its discretion, under the special conditions, in making that reservation, we can have no hesitation in deciding that the order is not a proper subject of appeal. The motion to dismiss the appeal will therefore be granted.

*Appeal dismissed.*